11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Mark
Carl Davis

Appellant

Vs.       Nos. 11-01-00180-CR & 11-01-00181-CR B Appeals from
Palo Pinto County

State
of Texas

Appellee

 

These are appeals from judgments revoking appellant=s community
supervision.  Appellant  was originally convicted, upon his pleas of
guilty, of two offenses of felony driving while intoxicated.  Plea bargain agreements were reached.  The trial court assessed appellant=s punishment in
each case at confinement for 10 years and a $1,500 fine.  The confinement portion of each sentence was
suspended, and appellant was placed on community supervision for 10 years.  At the hearing on the State=s amended
motions to revoke, appellant entered pleas of true to each of the
allegations.  The trial court found that
appellant had violated the terms and conditions of his community supervision
and revoked his community supervision. 
Pursuant to the plea bargain agreements, the trial court imposed a
sentence of confinement for 7 years in each case.  We affirm.

Appellant=s court-appointed counsel has filed a
brief in each case in which he states that, after examining the entire record
and the applicable law, he has concluded that the appeal is without merit.  In each case, counsel has furnished
appellant with a copy of the brief and has advised appellant of his right to
review the record and file a pro se brief. 
Pro se briefs have not been filed. 
Counsel has complied with the procedures outlined in Anders v.
California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).








Following the procedures outlined in Anders, we have
independently reviewed the record.  We
note that, in a community supervision revocation, a plea of true alone is
sufficient to support the trial court=s determination to revoke.  Moses v. State, 590 S.W.2d 469 (Tex.Cr.App.1979);
Cole v. State, 578 S.W.2d 127 (Tex.Cr.App.1979).    We agree that the appeals are without merit.

The judgments of the trial court are affirmed.

 

PER CURIAM

 

January
10, 2002

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.