NO. 07-02-0339-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 8, 2003

______________________________

IN THE INTEREST OF REBECCA LYNN CRAWFORD, A CHILD

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A30,988-0007; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, SJ.
(footnote: 1)
 In this proceeding, appellant Ricky Allen Crawford gave timely notice of appeal from a June 24, 2002 trial court order modifying the parent-child relationship between appellant, the child Rebecca, and the child’s mother, Lisa Christine Crawford.  Although the clerk’s and reporter’s records have been filed, no further action was been taken in the appeal.

Accordingly, on December 6, 2002, a notice was sent to appellant at the address which is contained in the court file.  The purpose of the notice was to advise appellant that unless a response from him reasonably explaining his failure to file his brief, together with a showing that appellee has not been significantly injured by the failure to file the brief was received by December 17, 2002, his appeal would be subject to dismissal for want of prosecution.  
See
 Tex. R. App. P. 38.8. 

No such reply has been received.  Accordingly, this appeal must be, and is hereby dismissed.

John T. Boyd

Senior Justice

äåÉL.Ed.2d 493 (1967).  
Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro
 
se
 brief if he desired to do so.  By its brief the State agrees with appellate counsel that no reversible error is presented and the sentence was within the punishment range authorized by statute.  Appellant filed a 
pro se 
response complaining of his counsel’s performance at the revocation hearing.

A review of the record establishes that appellant was convicted of forgery on October 7, 2002, and placed on community supervision for five years.  By its amended motion to revoke, on June 24, 2003, the State alleged appellant had violated numerous conditions of his community supervision.  Of the 19 allegations advanced by the State, appellant freely and voluntarily pled true to violating six of the conditions of community supervision.  Evidence was presented on a seventh allegation after which the trial court found appellant had violated the terms of community supervision and assessed the original punishment of two years confinement in a state jail facility.

By the 
Anders
 brief, counsel does not raise any arguable points.  Appellant, however, complains of his counsel’s performance at the revocation hearing.  He asserts counsel was held in contempt for being late to the hearing and also represented to him that he would only receive 14 months for revocation of his community supervision and a new offense.  
A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under 
Strickland
, a defendant must establish that (1) counsel’s performance was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); 
see also 
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).  Where, as here, the record on direct appeal is not sufficient to show that counsel’s representation was so deficient as to meet the first prong of 
Strickland
, appellant has failed to meet his burden to show that counsel’s performance prejudiced his defense.  
See 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983).  
One sufficient ground for revocation supports the trial court’s order.  Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980).  
Additionally, a plea of true standing alone 
is sufficient to support the trial court’s revocation order.  Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).  Appellant’s plea of true to six allegations is sufficient to support the trial court’s revocation order.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal.  
See
 Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).  We have found no non-frivolous issues and agree with counsel that the appeal is without merit.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2002).