NO. 07-02-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 9, 2003

_____

JOHN WILLIAM THOMAS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 43,105-D; HONORABLE DON EMERSON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION[1]**

This is an appeal from an order revoking community supervision. Following appellant John William Thomas's guilty plea to the offense of forgery of a financial instrument, the trial court, in November of 2001, assessed a two year state jail sentence,

_____

[1]Tex. R. App. P. 47.2(a).

probated for three years. In May of 2002, the State filed an amended motion to revoke community supervision. Following a hearing on the motion, the trial court revoked appellant's community supervision and imposed an 18 month sentence. Appellant then filed a *pro se* notice of appeal, and appellate counsel was appointed to represent him.

Appellant's attorney filed a motion to withdraw, together with an *Anders* brief. *See* Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967). In support of the motion, counsel certified that he diligently reviewed the record and, in his opinion, it reflects no reversible error or grounds upon which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In the brief, counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgment. High v. State, 573 S.W.2d 807, 813 ( Tex.Cr.App. 1978). Appellant's attorney provided appellant with a copy of the brief and advised him of his right to review the record and to file a *pro se* brief. To date, appellant has not availed himself of those rights.

The reporter's record establishes appellant pled true to all six of the allegations contained in the State's amended motion to revoke community supervision. Also included in the record is appellant's signed, written plea of true and judicial confession. One sufficient ground for revocation supports a revocation order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1979). Furthermore, a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

2

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds, and agree with counsel the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.