NO. 07-03-0449-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2004

_____

BENJAMINE WILLIAM CHIPMAN AKA
BENJAMIN WILLIAM CHIPMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 86047; HONORABLE CHARLES D. CARVER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Benjamine William Chipman aka Benjamin

William Chipman was convicted of forgery and punishment was assessed at two years

confinement in a state jail facility, suspended for five years of community supervision. After

a hearing on the State's motion to revoke, the trial court revoked appellant's community

supervision and assessed the original punishment. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. By its brief the State agrees with appellate counsel that no reversible error is presented and the sentence was within the punishment range authorized by statute. Appellant filed a *pro se* response complaining of his counsel's performance at the revocation hearing.

A review of the record establishes that appellant was convicted of forgery on October 7, 2002, and placed on community supervision for five years. By its amended motion to revoke, on June 24, 2003, the State alleged appellant had violated numerous

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

conditions of his community supervision. Of the 19 allegations advanced by the State, appellant freely and voluntarily pled true to violating six of the conditions of community supervision. Evidence was presented on a seventh allegation after which the trial court found appellant had violated the terms of community supervision and assessed the original punishment of two years confinement in a state jail facility.

By the *Anders* brief, counsel does not raise any arguable points. Appellant, however, complains of his counsel's performance at the revocation hearing. He asserts counsel was held in contempt for being late to the hearing and also represented to him that he would only receive 14 months for revocation of his community supervision and a new offense. A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Where, as here, the record on direct appeal is not sufficient to show that counsel's representation was so deficient as to meet the first prong of *Strickland*,

3

appellant has failed to meet his burden to show that counsel's performance prejudiced his defense.  *See* Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983).  One sufficient ground for revocation supports the trial court's order.  Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980).  Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order.  Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).  Appellant's plea of true to six allegations is sufficient to support the trial court's revocation order.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal.  *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).  We have found no non-frivolous issues and agree with counsel that the appeal is without merit.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4