NO. 07-04-0062-CR


NO. 07-04-0063-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 2, 2004


______________________________



DAMON SHARP, 



 APPELLANT


v.



THE STATE OF TEXAS, 



 APPELLEE

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 2002-439,868 & 2002-439,869; HON. BRADLEY UNDERWOOD, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Damon Sharp (appellant) appeals his two convictions for injury to a child. Pursuant
to a plea of nolo contendere, but without benefit of an agreed recommendation from the
State as to punishment, the trial court found him guilty and assessed punishment at life
imprisonment for the offense prosecuted under cause number 2002-439,868 and ten years
imprisonment for the offense prosecuted under cause number 2002-439,869. Appellant
now appeals the convictions. 

 Appellant's appointed counsel filed motions to withdraw, together with Anders (1)
briefs, wherein he certifies that, after diligently searching the record, he has concluded that
appellant's appeals are without merit. Along with his briefs, appellate counsel attached a
copy of a letter sent to appellant informing him of counsel's belief that there was no
reversible error and of appellant's right to appeal pro se. By letter dated April 28, 2004, this
court notified appellant of his right to file his own briefs or responses by May 27, 2004, if
he wished to do so. To date, appellant has failed to file a response or a motion for
extension of time to file same. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
three potential areas for appeal which were founded upon 1) the voluntariness of
appellant's plea, 2) the sufficiency of evidence to support a finding of guilt and an
affirmative finding that a deadly weapon was used, and 3) the effectiveness of trial counsel. 
However, appellate counsel then satisfactorily explained why the arguments lacked merit.
Thereafter, we conducted our own review of the record to assess the accuracy of appellate
counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not only
confirmed the accuracy of appellate counsel's representations but also failed to reveal any
error.

 Accordingly, the motions to withdraw are granted, and the judgments are affirmed.

 

 Brian Quinn 

 Justice 


Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967).



allegations. The State filed a letter acknowledging
the Anders brief.

 By the Anders brief counsel maintains there are no meritorious issues. Counsel
asserts that Appellant's plea of true to the allegation that he left his county of residence
and the State of Arkansas without notifying his community supervision officer and without
permission from the trial court is sufficient to support revocation. See Moses v. State, 590
S.W.2d 469, 470 (Tex.Crim.App. 1979). Additionally, the State proved by a preponderance
of the evidence that Appellant violated other conditions of community supervision by
consuming alcoholic beverages. See Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App.
1993). See also Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record,
counsel's brief, and Appellant's pro se response, we agree with counsel that the appeal
is frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted (2) and the trial court's judgment
is affirmed.

 Patrick A. Pirtle

 Justice


 

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational" duty to inform the Appellant of this Court's decision and of his right to file a 
pro se petition for discretionary review in the Court of Criminal Appeals. Ex parte Owens,
206 S.W.3d 670 (Tex.Crim.App. 2006).