In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-011 CR


____________________



DARRIN ADAM BANKS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 88719






MEMORANDUM OPINION


 Darrin Adam Banks pled guilty to the state jail felony offense of forgery. (1) The trial
court convicted and sentenced Banks to two years of confinement in a state jail facility of
the Texas Department of Criminal Justice, Correctional Institutions Division, then
suspended imposition of the sentence and placed Banks on community supervision for four
years, beginning September 8, 2003. In March 2004, the State filed a motion to revoke
community supervision. Banks pled true to allegations that he violated the terms of the
community supervision order. The trial court found Banks violated the terms of the
community supervision order, entered a revocation order, and imposed a sentence of one
year of confinement. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 21, 2005, Banks was
given an extension of time in which to file a pro se brief. No response has been filed with
the Court. 

 In a revocation proceeding, the State must establish by a preponderance of the
evidence that the defendant violated the conditions of the supervision order. Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). On appeal, the question presented
is whether the trial court abused its discretion in revoking the appellant's community
supervision. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). If the
State meets its burden of proof, it is within the trial court's discretion to revoke community
supervision. Id. A plea of true to any one alleged violation is sufficient to support a
revocation of supervision. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.1979).
In this case, Banks pled true to several violations of the community supervision order. The
trial court acted within its discretion. 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on October 10, 2005

Opinion Delivered October 26, 2005

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Although the indictment and judgment record the appellant's name as "Darrin
Adam Banks," the appellant's name appears as "Tharon Adam Banks" in several places
in the record. The appellant signed both names on different documents.