In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-474 CR


NO. 09-05-475 CR


NO. 09-05-476 CR


____________________



KYLE YOUNG FRANKLIN , Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 91815, 92314 and 93842






 MEMORANDUM OPINION 


 In three separate proceedings before the trial court, appellant Kyle Young Franklin
pled guilty to burglary of a building, debit/credit card abuse, and felony criminal mischief. 
Each case involved a separate criminal episode. In each case, the trial court convicted and
sentenced Franklin to two years of confinement in a state jail facility, then suspended
imposition of the sentences and placed Franklin on community supervision for four years,
with the community supervision sentences to run concurrently. In July of 2005, the State
filed a motion to revoke community supervision in each case. In all three cases, Franklin
pled "true" to allegations that he violated the terms of the community supervision order. As
to all three cases, the trial court found that Franklin violated the terms of the community
supervision order, entered a revocation order, and imposed a sentence of two years of
confinement in a state jail, with the sentences to run consecutively. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). In each case, Franklin was given an
extension of time in which to file a pro se brief; however, Franklin filed a pro se brief only
in the debit/credit card abuse case (No. 09-05-475 CR). In his pro se brief, Franklin asserts
the trial court's order that the sentences were to run consecutively violates Tex. Code Crim.
Proc. Ann. art. 42.12, § 8(a) (Vernon Supp. 2006). Tex. Code Crim. Proc. Ann. art. 42.12,
§ 8(a) deals with the state boot camp program; therefore, it is inapposite here. Tex. Code
Crim. Proc. Ann. art. 42.08(a) provides that when a defendant has been convicted in two
or more cases, the trial court may order the sentences to run either consecutively or
concurrently. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2006). Therefore,
the issue is not an arguable one.

 In a revocation proceeding, the State must establish by a preponderance of the
evidence that the defendant violated the conditions of the supervision order. Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State meets its burden of proof,
it is within the trial court's discretion to revoke community supervision. Id. On appeal, the
question presented is whether the trial court abused its discretion in revoking the appellant's
community supervision. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). A
plea of true to any one alleged violation is sufficient to support revocation of community
supervision. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Here, in each
case, Franklin pled true to an allegation set forth in the State's motion to revoke. Therefore,
the trial court acted within its discretion in revoking Franklin's community supervision.

 We have reviewed the clerk's record and the reporter's record in each case, and we
find no arguable error requiring us to order appointment of new counsel. Compare Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgments are affirmed.

 AFFIRMED.

 ____________________________

 CHARLES KREGER

 Justice

 

Submitted on August 16, 2006

Opinion Delivered September 6, 2006 

Do Not Publish

 

Before McKeithen, C.J., Kreger and Horton, JJ.