Jerry Michael MOSES, Appellant,

v.

The STATE of Texas, Appellee.

No. 62282.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 7, 1979.

Richard T. McConathy, on appeal only, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Bruce Evan Foster and Hugh Lucas, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On January 27, 1978 appellant pled guilty to the offense of driving a motor vehicle while intoxicated on a public highway, second offense. Punishment was assessed at two years probated and a fine of $500.00. On February 26, 1979 a motion to revoke probation was filed alleging among other violations that appellant violated condition "(a)" in that on or about January 20, 1979 he operated a motor vehicle upon a public highway in Dallas County while his driving privileges were revoked and condition "(g)" that he remain in Dallas County in that he was in Harris County on or about February 12, 1979 without permission of his probation officer.

At the hearing on the motion to revoke appellant entered a plea of true. A written stipulation of evidence signed and sworn to by appellant and approved by his counsel was admitted in evidence. In the stipulation appellant admitted violations as alleged by the State in its motion. In addition the appellant took the stand and testified at the hearing. At the conclusion of the hearing the court entered its order revoking appellant's probation. Findings were set forth in such order reflecting that appellant violated conditions "(a)" and "(g)" of his probation.

Appellant contends "the trial court erred in failing to withdraw appellant's plea of true and enter a plea of not true."

Appellant directs our attention to his testimony which he urges showed the approval of his probation officer in leaving Dallas County. Appellant testified:

"My probation officer has told me repeatedly that she thinks the best thing I can do is move out of Dallas, and I have a job out of Dallas, and she said she's will-ing to give me a work permit, and that's what I'd like to do."

At the outset it should be noted that appellant's plea of true and the written stipulation offered into evidence support the court's finding relative to the violation of condition "(a)" concerning appellant's operation of a motor vehicle on a public highway while his driving privileges were revoked. Proof of any one of the alleged violations is sufficient to support the order revoking probation. *Gobell v. State*, Tex. Cr.App., 528 S.W.2d 223. In addition, appellant's reliance on *Roberson v. State*, Tex. Cr.App., 549 S.W.2d 749 for the proposition that the trial court should withdraw a plea of true when the probationer takes the stand and raises a defensive issue is misplaced. In *Cole v. State*, 578 S.W.2d 127 this Court relied on *Moon v. State*, Tex.Cr. App., 572 S.W.2d 681 [1] in overruling *Roberson* by holding that there is no duty upon a trial court to withdraw a plea of true in a revocation of probation proceeding even if a probationer presents a defensive issue. Appellant's plea of true, standing alone is sufficient to support the revocation of probation. *Cole v. State*, supra; *Benoit v. State*, Tex.Cr.App., 561 S.W.2d 810; *Jiminez v. State*, Tex.Cr.App., 552 S.W.2d 469.

No abuse of discretion is shown in the trial court's action in revoking appellant's probation.

The judgment is affirmed.

---

1. In *Moon v. State*, supra, this Court held that when a defendant waives a jury and pleads guilty to the trial court, the trial court has no duty to withdraw the plea even if the evidence raises a defensive issue.