TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00084-CR

Raul Garza, Appellant

 v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 0944234, HONORABLE JON N. WISSER, JUDGE PRESIDING

 The State sought the revocation of Raul Garza's community supervision following
his arrest for driving while intoxicated. The trial court revoked Garza's community supervision
and sentenced him to four years confinement in the Texas Department of Criminal Justice
Institutional Division. We will affirm.

 On October 6, 1994, Garza pleaded guilty to the charge of aggravated assault. The
trial court found Garza guilty of the offense and assessed punishment at seven years' confinement
in the Texas Department of Criminal Justice-Institutional Division, but suspended imposition of
the sentence and placed him on community supervision. The State filed its third motion to revoke
community supervision alleging Garza failed to report to his probation officer, failed to support
his dependents, failed to pay community supervision fees, and committed a subsequent criminal
offense of driving while intoxicated, all in violation of the supervision terms he was ordered to 
obey. Garza pleaded not true to the allegations. 

 Following a hearing on the motion to revoke, the trial court found all four
allegations to be true and rendered a judgment revoking community supervision and imposing a
sentence of four years' confinement. On appeal, Garza only challenges the sufficiency of the
evidence to support the trial court's conclusion that he violated the conditions of his probation by
committing the offense of driving while intoxicated. Garza does not challenge the remaining three
grounds for revocation.

 On appeal of a probation revocation hearing, the only question is whether the trial
court abused its discretion. Flournoy v. State, 589 S.W.2d 705, 709 (Tex. Crim. App. 1979). 
 We will examine the evidence in the light most favorable to the trial court's order of revocation.
Allbright v. State, 13 S.W.3d 817, 818 (Tex. App.--Fort Worth 2000, no pet.). 

 In a probation revocation hearing, proof of any alleged violation of probation is
sufficient to support revocation of probation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. 1979). Garza only challenges the sufficiency of the evidence on one of the grounds
supporting the trial court's order of revocation. Because any single unchallenged ground will
support revocation, we hold that he has failed to show that the trial court abused its discretion in
revoking his probation. See id. We overrule Garza's sole issue and affirm the trial court order
revoking Garza's community supervision and sentencing him to confinement.

 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish