11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael Floyd King

Appellant

Vs.                   No. 11-01-00361-CR  -- 
Appeal from Brown County

State of Texas

Appellee

 

Michael
Floyd King appeals from the judgment revoking his community supervision.  Appellant originally pleaded guilty to the
offense of felony driving while intoxicated. 
The trial court convicted appellant and assessed his punishment at
confinement for 10 years and a fine of $3,000, but the court suspended the
imposition of confinement and placed appellant on community supervision for 10
years.  The State subsequently filed a
motion to revoke appellant=s community supervision.  After
a hearing in which appellant pleaded true to one of the State=s allegations, the trial court revoked
appellant=s community supervision and assessed his
punishment at confinement for 6 years. 
We affirm.  








Appellant
has briefed two points of error on appeal and challenges all but one of the
trial court=s findings with respect to the
revocation.  Appellant does not
challenge the trial court=s finding that he violated a term and condition of his community
supervision as alleged in the first allegation of the State=s motion to revoke.  Appellant pleaded true to that allegation and not true to the
other nine allegations in the State=s motion to revoke.  Appellant
stipulated that he committed the offense of driving while his license was
invalid in violation of Condition No. 1 of the order placing him on community
supervision.  A plea of true to one
allegation in a motion to revoke community supervision is alone sufficient to
support the trial court=s decision to revoke.  Moore v.
State, 605 S.W.2d 924 (Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469
(Tex.Cr.App.1979); Cole v. State, 578 S.W.2d 127 (Tex.Cr.App.1979).  Thus, the trial court did not abuse its
discretion in revoking appellant=s community supervision. 
Because we are upholding the revocation based upon the unchallenged
finding, we need not address appellant=s contentions regarding the trial court=s remaining findings. 
TEX.R.APP.P. 47.1.  

The
judgment of the trial court is affirmed. 


 

JIM
R. WRIGHT

JUSTICE

 

February 27, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.