ROBERT KENT HOLLIS V. THE STATE OF TEXAS



NO. 07-03-0082-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 7, 2003



______________________________




ROBERT KENT HOLLIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 100,331-2; HONORABLE PAMELA C. SIRMON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Robert Kent Hollis filed a Motion to Dismiss Appeal on May 5, 2003,
averring that he no longer wishes to prosecute his appeal. The Motion to Dismiss is
signed by both appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice
































Do not publish.




al court abused its discretion in revoking
his probation "because there is nothing in the record to indicate he did not deserve a
'second' chance." Appellant does not challenge the sufficiency of the evidence
establishing he violated conditions of his probation. See Moses v. State, 590 S.W.2d 469,
470 (Tex.Crim.App.1979) (plea of true is sufficient to support revocation). Appellant
acknowledges the decision to revoke probation is committed to the discretion of the trial
court. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App.1984). When
supported by the preponderating evidence and on proper procedure, that discretion has
been described as "substantially absolute." Flournoy v. State, 589 S.W.2d 705, 707
(Tex.Crim.App. 1979).

 Appellant's contention there was no evidence of any difficulty complying with the
terms of his probation before August 2003 fails to establish an abuse of discretion. The
record shows his probation was extended at that time because, although the end of his
probationary term was near, appellant had failed to complete his community service hours
and needed additional time to complete that service. Appellant admitted to consistent, if
infrequent, use of alcohol in the months prior to the revocation in violation of the terms of
his probation. The evidence also showed he remained delinquent in payment of fees and
performance of community service hours. 

 The record fails to show an abuse of discretion by the trial court. We overrule
appellant's sole issue and affirm the judgment of the trial court.

 

 James T. Campbell

 Justice




Do not publish.