NO. 07-01-0462-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 8, 2003

_____

MONSERATO PABLO GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B12333-9603; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION[1]

Appellant Monserato Pablo Garza perfected this appeal from a judgment revoking his community supervision. He judicially admitted the State's alleged violations were true. He asserts that the trial court abused its discretion in revoking his community supervision. We affirm the judgment of the trial court.

_____

[1]TEX. R. APP. P. 47.4.

Pursuant to a plea bargain, appellant was adjudged guilty in 1996 of the felony offense of driving while intoxicated, third offense. He was sentenced to 10 years confinement, suspended for 10 years of community supervision.

The State filed a Motion to Revoke Community Supervision on May 6, 1999. Appellant pled true to the State's allegations and on August 23, 1999, the court continued appellant on community supervision with the additional requirement that he be placed in a substance abuse felony punishment facility (SAFPF). Appellant completed the treatment program at the J. B. Wheeler SAFPF in Plainview, and the court ordered appellant's release on or before August 30, 2000. The State filed a second Motion to Revoke Community Supervision on August 30, 2001, and later an Amended Motion to Revoke Community Supervision, on which the trial court held a hearing on October 15, 2001.

Appellant pled true to allegations he violated the terms of his community supervision by possessing a controlled substance, operating a vehicle while intoxicated with alcohol, using alcohol, cocaine and marijuana, failing to report to his community supervision officer, failing to notify his community supervision officer of a change in address, violating his curfew, failing to complete community service, failing to report an arrest to his community supervision officer, failing to complete a community correction program, and failing to attend required alcohol and substance abuse meetings. At the hearing appellant presented the testimony of several witnesses, including appellant, as evidence that he would be a good candidate for further rehabilitation and drug and alcohol counseling.

2

After the hearing was held and testimony heard, the court determined that appellant had violated the terms of his community supervision as alleged in the State's amended motion. The court revoked appellant's community supervision and imposed appellant's original sentence of 10 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant was credited with 146 days of time served.

In a single issue appellant argues the trial court abused its discretion in revoking his community supervision rather than modifying it to require intensive substance abuse counseling.

In a proceeding to revoke community supervision the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of community supervision, as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

As noted, appellant pled true to the violations alleged by the State as grounds for the revocation of his community supervision. There is no indication in the record that his pleas were involuntary. A defendant's plea of true to an alleged violation, standing alone,

is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

Appellant argues that the evidence presented at the hearing that he was a good candidate for rehabilitation and would "make the choices necessary to succeed at rehabilitation" was uncontradicted. We do not agree. Granted, the testimony given by the witnesses at the hearing was generally favorable to appellant, and the State did not present contrary testimony. But the trial court certainly was free to take into account the evidence concerning previous opportunities for rehabilitation afforded appellant. That evidence included Paul Walker's testimony, in response to the court's questioning, that appellant had completed a five-month program at Serenity Center, a treatment facility in Plainview, earlier in 2001, and that appellant had previously been through the substance abuse felony punishment facility (SAFPF). Moreover, none of the evidence offered by appellant vitiates the trial court's findings that appellant violated the conditions of his community supervision. Indeed, appellant's own testimony reaffirmed his written stipulation to the truth of the State's allegations.

The record of the proceedings does not reflect an abuse of discretion by the trial court. We overrule appellant's issue and affirm the trial court's judgment.

James T. Campbell
Justice

4

Do not publish.