NO. 07-05-0031-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 21, 2005
_____

CLIFTON J. HOLMAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,602; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Clifton J. Holman (appellant) appeals his conviction for aggravated assault. The trial court initially deferred the adjudication of his guilt and placed him on community supervision for six years. Thereafter, the State moved to have his guilt adjudicated. After a hearing on the motion and entertaining evidence on punishment, the trial court adjudicated appellant guilty of aggravated assault and sentenced him to ten years imprisonment. Appellant then perfected this appeal.

Appellant's counsel has moved to withdraw, after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967) and representing that he has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that counsel notified appellant of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by May 27, 2005. On May 10, 2005, appellant filed a response.

In his response, appellant contends that 1) there was no evidence presented at his adjudication hearing, 2) a conflict of interest occurred because the victim of the offense and appellant's community supervision officer were "best friends," 3) new evidence exists that "is on record of the state," 4) the prosecuting attorney, Melissa Jo McNamara, and the victim "would call each other and talk about [appellant]" which resulted in another conflict of interest and 5) he never pled guilty to aggravated assault with a deadly weapon even though the trial court made a deadly weapon finding.

First, in reviewing the record, we find that appellant pled true to one of the allegations made in the State's motion to proceed; therefore sufficient evidence of record exists to support the adjudication of guilt. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (holding that a defendant's plea of true to an alleged violation, standing alone, is sufficient to support the revocation). Thus, we find this issue meritless.

Concerning the allegations about conflicts of interest and newly discovered evidence, appellant fails to show 1) how the relationship between the victim and his probation officer and the prosecuting attorney rose to the level of a conflict of interest and 2) the nature of the newly discovered evidence. Furthermore, nothing appears of record

to illustrate the existence of a conflict or the presence of new evidence. The record containing no evidence illustrating same, we find these issues meritless as well.

Concerning the deadly weapon finding, according to the record, appellant pled guilty to the indictment for aggravated assault wherein it alleged the use of a deadly weapon, to wit: a vehicle. Thus, the trial court had before it evidence that appellant had used a deadly weapon in the commission of the crime, and this issue is also meritless.

Next, and in compliance with the principles enunciated in *Anders*, appellate counsel discussed four possible areas for appeal. They involved 1) double jeopardy, 2) the trial court's decision to judicially notice evidence at appellant's adjudication hearing, and 3) the legal and factual sufficiency of the evidence to justify a sentence of ten years. However, counsel explained why each lacked merit.

We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions pursuant to *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Finding no reversible error, we grant the motion to withdraw and affirm the judgment.

Per Curiam

Do not publish.