NO. 07-04-0372-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 4, 2005



______________________________


 

JUAN MANUEL HERNANDEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;



NO. B3101-9710; HONORABLE ED SELF, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Juan Manuel Hernandez appeals the revocation of his community supervision and
imposition of the original sentence imposed on his conviction for the offense of burglary of
a habitation. We affirm the trial court's order and judgment.

 In September 1998, appellant waived his right to trial and pled guilty pursuant to a
plea agreement. The trial court found him guilty and sentenced appellant to seven years
confinement, probated for five years, a $1,000 fine, payment of court costs and restitution. 
The term of community supervision was extended for one year in August 2003. Appellant
was arrested for driving while intoxicated on April 6, 2004. The State filed a motion to 
revoke his probation alleging the DWI offense and the use of alcohol as grounds. 

 Appellant plead true to both allegations and entered a written stipulation of evidence
supporting the motion to revoke. After admonishing appellant concerning the effect of a
plea of true, the trial court accepted appellant's plea. Appellant testified he had made a
"mistake" in drinking in violation of the terms of his probation and asked to be continued
on probation. He testified he had held the same job for six years which allowed him to help
care for his mother. An officer from the probation department introduced the
recommendation of appellant's supervising officer that appellant be continued on
probation. He also testified appellant was delinquent in payment of fees and had not
completed all of the community service hours imposed. The trial court revoked appellant's
probation and imposed the original sentence of seven years confinement. 

 Appellant perfected appeal from the revocation order and judgment. He now
presents a single issue on appeal asserting the trial court abused its discretion in revoking
his probation "because there is nothing in the record to indicate he did not deserve a
'second' chance." Appellant does not challenge the sufficiency of the evidence
establishing he violated conditions of his probation. See Moses v. State, 590 S.W.2d 469,
470 (Tex.Crim.App.1979) (plea of true is sufficient to support revocation). Appellant
acknowledges the decision to revoke probation is committed to the discretion of the trial
court. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App.1984). When
supported by the preponderating evidence and on proper procedure, that discretion has
been described as "substantially absolute." Flournoy v. State, 589 S.W.2d 705, 707
(Tex.Crim.App. 1979).

 Appellant's contention there was no evidence of any difficulty complying with the
terms of his probation before August 2003 fails to establish an abuse of discretion. The
record shows his probation was extended at that time because, although the end of his
probationary term was near, appellant had failed to complete his community service hours
and needed additional time to complete that service. Appellant admitted to consistent, if
infrequent, use of alcohol in the months prior to the revocation in violation of the terms of
his probation. The evidence also showed he remained delinquent in payment of fees and
performance of community service hours. 

 The record fails to show an abuse of discretion by the trial court. We overrule
appellant's sole issue and affirm the judgment of the trial court.

 

 James T. Campbell

 Justice




Do not publish.