NO. 07-04-0372-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 4, 2005

_____

JUAN MANUEL HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B3101-9710; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Juan Manuel Hernandez appeals the revocation of his community supervision and imposition of the original sentence imposed on his conviction for the offense of burglary of a habitation. We affirm the trial court's order and judgment.

In September 1998, appellant waived his right to trial and pled guilty pursuant to a plea agreement. The trial court found him guilty and sentenced appellant to seven years confinement, probated for five years, a $1,000 fine, payment of court costs and restitution.

The term of community supervision was extended for one year in August 2003. Appellant was arrested for driving while intoxicated on April 6, 2004. The State filed a motion to revoke his probation alleging the DWI offense and the use of alcohol as grounds.

Appellant plead true to both allegations and entered a written stipulation of evidence supporting the motion to revoke. After admonishing appellant concerning the effect of a plea of true, the trial court accepted appellant's plea. Appellant testified he had made a "mistake" in drinking in violation of the terms of his probation and asked to be continued on probation. He testified he had held the same job for six years which allowed him to help care for his mother. An officer from the probation department introduced the recommendation of appellant's supervising officer that appellant be continued on probation. He also testified appellant was delinquent in payment of fees and had not completed all of the community service hours imposed. The trial court revoked appellant's probation and imposed the original sentence of seven years confinement.

Appellant perfected appeal from the revocation order and judgment. He now presents a single issue on appeal asserting the trial court abused its discretion in revoking his probation "because there is nothing in the record to indicate he did not deserve a 'second' chance." Appellant does not challenge the sufficiency of the evidence establishing he violated conditions of his probation. See Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App.1979) (plea of true is sufficient to support revocation). Appellant acknowledges the decision to revoke probation is committed to the discretion of the trial court. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App.1984). When supported by the preponderating evidence and on proper procedure, that discretion has

2

been described as "substantially absolute." *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979).

Appellant's contention there was no evidence of any difficulty complying with the terms of his probation before August 2003 fails to establish an abuse of discretion. The record shows his probation was extended at that time because, although the end of his probationary term was near, appellant had failed to complete his community service hours and needed additional time to complete that service. Appellant admitted to consistent, if infrequent, use of alcohol in the months prior to the revocation in violation of the terms of his probation. The evidence also showed he remained delinquent in payment of fees and performance of community service hours.

The record fails to show an abuse of discretion by the trial court. We overrule appellant's sole issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

3