In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-097 CR


____________________



ANTWON DANDREA REEVES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 02-177935






 MEMORANDUM OPINION 


 Antwon Dandrea Reeves pled guilty in Cause No. 02-177935 to the Class B
misdemeanor offense of failure to identify as a fugitive. Act of May 29, 1993, 73rd Leg.,
R.S., ch. 900, § 1.01, sec. 38.02 (b), (d), 1993 Tex. Gen. Laws 3586, 3666 (amended 2003). (1) 
The trial court convicted and sentenced Reeves to 180 days of confinement in the
Montgomery County Jail, then suspended imposition of the sentence and placed Reeves on
community supervision for one year, beginning February 12, 2003. The trial court later
extended the period of community supervision an additional six months. The State
subsequently filed a motion to revoke community supervision. Reeves pled true to the
State's allegations that he violated the terms of the community supervision order. The trial
court found the allegations to be true, entered a revocation order and imposed a sentence of
90 days of jail confinement. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 2d 807 (Tex. Crim. App. 1978). On February 16, 2006, Reeves was
given an extension of time in which to file a pro se brief. The appellant did not file a
response.

 In a revocation proceeding, the State must establish by a preponderance of the
evidence that the defendant violated the conditions of the supervision order. Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). On appeal, the question presented is
whether the trial court abused its discretion in revoking the appellant's community
supervision. Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). If the State
meets its burden of proof, it is within the trial court's discretion to revoke community
supervision. Id. A plea of true to any one alleged violation is sufficient to support a
revocation of supervision. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).
Where the trial court returns a probationer to community supervision following a hearing on
a motion to revoke, any subsequent revocation must be based upon a determination that the
defendant breached the conditions after he was returned to community supervision or that
there is newly discovered evidence of a previous violation which was not known at the time
of the original revocation hearing. Rogers v. State, 640 S.W.2d 248, 263 (Tex. Crim. App.
1981)(opin. on 2nd reh'g). In this case, Reeves pled true to having violated a condition of
the community supervision order. Included in the allegations were a violation occurring after
the date of the prior order and a newly discovered criminal offense. The trial court acted
within its discretion. 

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Compare Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). The trial court's judgment is affirmed. (2) 

 AFFIRMED.

 ____________________________

 STEVE McKEITHEN

 Chief Justice

 


Submitted on May 22, 2006

Opinion Delivered May 31, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Appellant committed the offense on July 29, 2002. For the current version of the
statute, see Tex. Pen. Code Ann. § 38.02 (Vernon Supp. 2005).
2. Appellant may challenge our decision in the case by filing a petition for discretionary
review. See Tex. R. App. P. 68.