In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-092 CR


____________________



RODNEY EARL WELLS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 85552






 MEMORANDUM OPINION 


 Pursuant to a plea-bargain agreement, Rodney Earl Wells pled guilty to the felony
offense of assault on a family member. See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2)
(Vernon Supp. 2006). The trial court deferred adjudication of Wells's guilt and placed him
on community supervision for six years. 

 Subsequently, the State moved to adjudicate Wells's guilt. The State alleged that
Wells violated one condition of his deferred adjudication order - he failed to pay court-assessed fees in the amount of $2,555. Wells pled "true" to the State's allegation. The trial
court revoked Wells's community supervision and found him guilty of family assault. The
trial court sentenced Wells to three years' confinement in the Institutional Division of the
Texas Department of Criminal Justice. On appeal, Wells raises two issues. We dismiss his
appeal for lack of jurisdiction.

 In issue one, Wells asserts he pled guilty to a misdemeanor, not a felony, in his
original plea proceeding. Wells argues that the word "felony" was not used during his plea
proceeding. However, Wells apparently overlooks the trial court's statement informing him
that his offense is classified as a third-degree felony with a punishment range of two to ten
years. (1)

 Regardless, the issue related to Wells's original guilty plea in 2002, such as his issue
one complaint, is not appealable at this stage of the proceeding. Texas law required Wells
to raise his complaint when the trial court placed him on deferred adjudication community
supervision. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)
(requiring issues relating to original plea proceeding to be appealed when deferred
adjudication community supervision is first imposed). Wells did not file a timely notice of
appeal from the trial court's 2002 order. Therefore, we lack jurisdiction to consider issue
one.

 In issue two, Wells asserts he was denied due process of law at the hearing on the
State's motion to revoke his community supervision. He maintains he was charged with one
violation of his supervision conditions, but apparently found guilty of another violation with
which he was not charged. Wells claims this proceeding violated his rights under article I,
sections 10 and 19 of the Texas Constitution and under the Fifth, Sixth, and Fourteenth
amendments to the United States Constitution. See Tex. Const. art. I, §§ 10, 19; U.S.
Const. amends. V, VI, XIV. Wells did not cite any cases in support of his constitutional
arguments.

 The State responds that the Motion to Revoke contained only one allegation and that
Wells pled "true" to it. The State contends that Wells's plea constitutes sufficient evidence
to support the trial court's decision to revoke. See Moses v. State, 590 S.W.2d 469, 470 (Tex.
Crim. App. [Panel Op.] 1979).

 At the hearing, the trial court stated to Wells: "Count 1 alleges that you failed to pay
your court-assessed fees, as directed by the Court and as of January 18th of 2006, you were
$2555 dollars in arrears. Is that true or not true?" Wells answered "true" to the allegation. 
The prosecutor informed the trial court that Wells had been arrested for some new offenses
but that the new offenses had not been filed and were not part of the motion to revoke. The
record contains a discussion of the new offenses. Wells's counsel objected to any
consideration of new allegations by the court and also objected to the trial court's sentencing
Wells without having received a written report. Wells did not base his objections on
constitutional grounds at the hearing. The trial court then found there was sufficient
evidence to find Count 1 to be true. The court found Wells guilty of the felony offense of
family assault and sentenced him to three years.

 We must first determine if we have jurisdiction to consider Wells's second issue. 
Wells questions whether the State alleged one violation of his supervision conditions (non-payment of fees) in its motion to revoke and whether the trial court determined as "true"
other violations that were not alleged in the motion. However, article 42.12, section 5(b)
prohibits a defendant from appealing a trial court's decision to adjudicate guilt after the court
finds the defendant violated a condition of community supervision. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2006). Further, we "'do not have jurisdiction to
consider claims relating to the trial court's determination to proceed with an adjudication of
guilt on the original charge.'" Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006)
(quoting Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005)). In an appeal from
a judgment adjudicating guilt after revocation of community supervision, we have
jurisdiction to consider a claim only if it concerns punishment. Hogans, 176 S.W.3d at 834 
("[T]he asserted error must directly and distinctly concern the second phase; the claim must,
on its face, relate to the sentence imposed, not to the decision to adjudicate. Any other rule
would eviscerate the Section 5(b) bar on direct appeals of the decision to adjudicate."). 

 We find that Wells's issue two complaints attack the basis for the trial court's
determination to adjudicate guilt and do not "directly and distinctly" concern punishment. 
Thus, we lack jurisdiction to consider them. 

 Accordingly, we dismiss this appeal because we lack jurisdiction to consider Wells's
two issues.

 APPEAL DISMISSED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on September 5, 2006

Opinion Delivered October 11, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The record also shows that:


 Wells was indicted for a felony; 
 Wells signed a judicial confession in which he swore that he read the
charging instrument, which his attorney explained to him, and that he was
guilty of the charged offense;
 the trial court informed him that the judicial confession was sufficient
evidence for the court to find him guilty without any other evidence; and 
 when asked by the court whether he understood the judicial confession's
nature, Wells answered: "Yes, Sir."