NO. 07-06-0451-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 18, 2007


______________________________



LARRY DARNELL McKELLER,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 108th DISTRICT COURT OF POTTER COUNTY;



NO. 52,950-E; HON. ABE LOPEZ, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Appellant appeals from an order deferring his adjudication. The clerk's and
reporter's records were due on December 18, 2006. The clerk filed an extension motion
on January 11, 2007, stating that appellant had not paid or made arrangements to pay for
the record and an attorney had not been appointed for the appeal. The reporter sent a
letter to the court on January 3, 2007, stating she was not requested to prepare a record
by anyone involved in this case. On January 3, 2007, a letter was sent to appellant's
attorney asking for certification that he has complied with the Rules of Appellate Procedure
concerning the filing of the appellate record. He filed a response on January 16, 2007,
stating he has not yet been appointed on appeal. 

 Accordingly, we abate this appeal and remand the cause to the 108th District Court
of Potter County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:


 whether appellant desires to prosecute the appeal;




 whether appellant is indigent;




 whether appellant is entitled to a free appellate record due to his
indigency; and

 whether appellant has counsel or is entitled to appointed counsel.


 The trial court shall cause the hearing to be transcribed. If it is determined that
appellant desires to prosecute the appeal and is entitled to appointed counsel, then the trial
court is further directed to appoint counsel for appellant. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues and disclosing the name,
address, state bar number, and phone and fax number of any attorney appointed to
represent appellant on appeal, 2) cause to be developed a supplemental clerk's record 
containing its findings of fact and conclusions of law and all orders it may issue as a result
of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing
the evidence and arguments presented at the aforementioned hearing, if any. Additionally,
the district court shall then file the supplemental records and reporter's records transcribing
the hearing with the clerk of this court on or before February 20, 2007. Should further time
be needed by the trial court to perform these tasks, then same must be requested before
February 20, 2007.

 It is so ordered.

 Per Curiam

Do not publish.



 violated his conditions of probation. Appellant acknowledged that each was
true. After a hearing, the trial court revoked appellant’s probation and sentenced him to
three (not four) years imprisonment. Appellant now argues that the trial court denied him
due process because it did not leave him on probation. We affirm.
          Proof of a single violation of the conditions of community supervision will support a
determination to revoke probation. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
1979). Moreover, a plea of true to at least one of those violations is in and of itself
sufficient evidence to sustain the revocation. Id. Finally, the decision of the trial court is
reviewed under the standard of abused discretion. Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984). 
          As previously mentioned, appellant acknowledged that each of the six grounds
mentioned by the State in its motion to revoke was true and attempted to explain why some
(but not all) of the violations occurred. Further, not only had he committed at least one
previous violation but also had been given the opportunity to remain on probation. In view
of these circumstances, we cannot say that the trial court abused its discretion in ruling as
it did.
 
                                                                           Per Curiam
 
Do not publish.