Opinion filed May 1, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00255-CR 

                                                    __________

 

JAMES WILLIAM GILLIAM, Appellant

 

v.

 

STATE OF TEXAS, Appellee

 

 



 

On Appeal from the 142nd District Court

 

 Midland County, Texas

 

Trial Court Cause No. CR27743

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court revoked appellant=s
community supervision and assessed his punishment at four years confinement. 
We affirm.

In
October 2002, the trial court found appellant guilty, pursuant to a plea
bargain, of possession of cocaine in the amount of one gram or more, but less
than four grams.  His punishment was assessed at confinement for a period of
six years.  The trial court suspended the imposition of the sentence and placed
appellant on community supervision for a period of six years.








Later,
the State filed its third amended motion to revoke appellant=s community supervision. In
five allegations, the State alleged that appellant had driven while intoxicated
during the term of his community supervision; had consumed alcohol during the
term of his community supervision; and had, on various occasions as set forth
in the motion, failed to report, failed to pay fees, and failed to perform
community service. When it came time for the trial court to hear the State=s motion, appellant pleaded
true to the allegations regarding his failure to report, failure to pay fees,
and failure to perform community service; he pleaded not true to the
allegations regarding driving while intoxicated and consuming alcohol.  In August
2006, the trial court revoked appellant=s
community supervision.   The trial court then sentenced appellant to
confinement for four years rather than the original six years.

Appellant
brings three issues on appeal.  We read appellant=s
first issue to be one in which he complains of the failure of the State to
introduce into evidence a videotape made at the time of his arrest for driving
while intoxicated.  In his second issue, appellant asserts that there was
insufficient evidence presented by the State to prove the driving while
intoxicated allegation.  In his third issue, appellant maintains that he
received  ineffective assistance of counsel on matters relating to the
allegation of driving while intoxicated.  There are no issues on appeal that
attack the trial court=s
findings on the allegations that appellant failed to report, failed to pay
fees, and failed to perform community service. 








We
need not address appellant=s
issues pertaining to driving while intoxicated because proof of one violation
of the terms and conditions of community supervision is sufficient to support
the revocation.  McDonald v. State, 608 S.W.2d 192 (Tex. Crim. App.
1980); Taylor v. State, 604 S.W.2d 175 (Tex. Crim. App. 1980); Moses
v. State, 590 S.W.2d 469 (Tex. Crim. App. 1979).  There were three
allegations that were not contested, either at trial or on appeal.  Appellant
pleaded true to those allegations that he had failed, as alleged, to pay fees,
to report, and to perform community service.  A plea of true alone is
sufficient to support the trial court=s
determination to revoke.  Moses, 590 S.W.2d at 470; Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. 1979).  The standard of proof in a
revocation proceeding is by a preponderance of the evidence.  Jackson v.
State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  We review an order
revoking community supervision under an abuse of discretion standard.  Id. 
Here, for the reasons stated above, the trial court did not abuse its
discretion when it revoked appellant=s
community supervision.  All of appellant=s
issues on appeal are overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 1, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.