In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-247 CR


____________________



JAMES WAYNE IRBY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 02-04-02364-CR






MEMORANDUM OPINION


 Appellant James Wayne Irby pled guilty to driving while intoxicated. See Tex. Pen.
Code Ann. § 49.04 (Vernon 2003). The trial court assessed punishment at five years of
confinement, then suspended imposition of sentence and placed Irby on community
supervision for five years. (1) On April 16, 2004, the State filed a motion to revoke Irby's
community supervision, in which it alleged that Irby (1) failed to report to the Department
of Community Supervision and Corrections, (2) failed to timely pay supervisory fees, (3)
failed to perform community service restitution, (4) failed to pay for the pre-sentence
investigation report, (5) failed to submit to "medical, chemical and/or any other tests or
examinations[,]" (6) failed to complete the DWI-IP program, and (7) "failed to pay the
required installments set forth in the Collection Agreement incorporated and made a part of
the Court's Judgment in this cause for collection of the total amount due for Crimestoppers
Fee, Court Costs, Court Appointed Attorney Fees and Fine[.]"

 At the hearing on the State's motion to revoke Irby's community supervision, Irby
pled "true" to each of the seven alleged violations of the terms of the community supervision
order, and he stated on the record that he was doing so voluntarily. Irby then testified that
he failed to report because his license was suspended, which caused him to lose his job, and
that he ultimately ran out of money to pay for transportation. The trial court revoked Irby's
community supervision and assessed punishment at five years of confinement, and Irby then
filed this appeal, in which he raises two issues for our consideration.

 In his first issue, Irby argues that his plea of "true" was involuntary and, therefore,
could not serve as the basis for revoking his community supervision. Specifically, Irby
asserts that his indigence prevented him from complying with the terms of his community
supervision. Irby contends that because he raised the affirmative defense of inability to pay,
the burden shifted to the State to prove that his refusal to pay was intentional.

 In a revocation proceeding, the State must establish by a preponderance of the
evidence that the defendant violated the conditions of the supervision order. Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State meets its burden of proof,
it is within the trial court's discretion to revoke community supervision. Id. A plea of true
to any one alleged violation is sufficient to support revocation of community supervision. 
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). On appeal, we review the trial
court's decision to revoke community supervision for abuse of discretion. Jackson v. State,
645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

 As discussed above, the State raised seven grounds for revoking Irby's community
supervision. Irby pled "true" orally and in a written stipulation to all seven alleged violations
of the terms of his community supervision order, including four grounds which did not
involve his failure to make required payments. Irby cites no authority to support the
proposition that the affirmative defense of inability to pay applies to community supervision
conditions that do not involve payment. In addition, Irby affirmatively stated on the record
that he pled "true" voluntarily. Furthermore, Irby neither sought to withdraw his plea of
"true" nor filed a motion for new trial, and the record does not support his allegation that his
plea of true was involuntary. The trial court did not abuse its discretion by revoking Irby's
community supervision. See id.; see also Cardona, 665 S.W.2d at 493. We overrule issue
one.

 In his second issue, Irby argues that his plea of true is supported by insufficient
evidence under article 1.15 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 1.15 (Vernon 2005). By its express terms, article 1.15 applies to pleas of
guilty, not pleas of "true" in revocation proceedings. See id.; Feagin v. State, 967 S.W.2d
417, 419 (Tex. Crim. App. 1998); Esochea v. State, 139 S.W.3d 67, 77 (Tex. App.--Corpus
Christi 2004, no pet.). In addition, as discussed above, Irby's plea of "true" is sufficient to
support the trial court's decision to revoke his community supervision. See Cardona, 665
S.W.2d at 493; Moses, 590 S.W.2d at 470. We overrule issue two and affirm the trial court's
judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice


Submitted on July 18, 2008

Opinion Delivered July 30, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Irby signed a stipulation of evidence in which he admitted he had two prior
convictions for driving while intoxicated, which enhanced the charged offense to a third-degree felony. See Act of May 25, 2001, 77th Leg., R.S., ch. 648, section 1(b)(2), 2001 Tex.
Gen. Laws 1213, 1214 (current version at Tex. Pen. Code Ann. § 49.09 (Vernon Supp.
2007)).