NO. 07-08-0135-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 25, 2008

_____

ISMAEL CHAVEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,941-A; HON. RICHARD DAMBOLD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Ismael Chavez pled guilty to the offense of deadly conduct and, pursuant to a plea bargain, was sentenced on March 21, 2007, to four years imprisonment, which sentence was suspended. He then was placed on community supervision for six years. On January 4, 2008, the State moved to revoke appellant's probation and alleged six instances in which he had violated his conditions of probation. Appellant acknowledged that each was true. After a hearing, the trial court revoked appellant's probation and sentenced him to

three (not four) years imprisonment. Appellant now argues that the trial court denied him due process because it did not leave him on probation. We affirm.

Proof of a single violation of the conditions of community supervision will support a determination to revoke probation. *Moses v. State,* 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Moreover, a plea of true to at least one of those violations is in and of itself sufficient evidence to sustain the revocation. *Id.* Finally, the decision of the trial court is reviewed under the standard of abused discretion. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

As previously mentioned, appellant acknowledged that each of the six grounds mentioned by the State in its motion to revoke was true and attempted to explain why some (but not all) of the violations occurred. Further, not only had he committed at least one previous violation but also had been given the opportunity to remain on probation. In view of these circumstances, we cannot say that the trial court abused its discretion in ruling as it did.

Per Curiam

Do not publish.

2