**Opinion filed February 19, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-07-00272-CR**

_____

**ROGER DALE BARTLEY, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court of**

**Taylor County, Texas**

**Trial Court Cause No. 15494B**

**M E M O R A N D U M   O P I N I O N**

Roger Dale Bartley was convicted of a state jail felony theft; was sentenced to eighteen months confinement, probated for three years; and was fined $1,500. The State filed a motion to revoke, contending that Bartley had committed a new criminal offense and that he had violated several terms and conditions of his community supervision. Bartley pleaded true to the State's allegations, and the trial court sentenced him to fifteen months confinement. We affirm.

Bartley raises one issue, contending that his right to procedural due process had been denied because he does not have a meaningful appeal. Bartley reasons that, in any appeal involving an open

plea in a community supervision revocation hearing, there are four basic areas of appellate review: (1) whether there was evidence in support of revocation, (2) whether a plea was voluntary, (3) whether whether the sentence was lawful, and (4) whether effective assistance of counsel was rendered. Bartley contends that, to have a meaningful appeal, he must address an error falling within one of these four areas. Because he cannot do so, Bartley concludes that he has no meaningful appeal and that his due process rights have been violated.

Bartley appears to use the term "meaningful appeal" as a proxy for a successful appeal. However, a meaningful appeal is better described as the opportunity to have critical decisions of the trial court reviewed for error by an appellate court. *See generally Cooks v. State*, 240 S.W.3d 906, 910-11 (Tex. Crim. App. 2007) (defendant is entitled to appointed counsel during the time for filing a motion for new trial so that issues can be preserved and a meaningful appeal provided). The question, then, is whether the trial court committed error that cannot be reviewed on appeal.

A plea of true makes a successful appeal more difficult because that plea is sufficient to support a revocation order. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Bartley's plea effectively limits the issues that can be raised on appeal, but this does not reveal a constitutional violation. Bartley's plea meant that there was no dispute that he had committed six violations of the terms and conditions of his community supervision.[1] The fact that he cannot complain on appeal about the sufficiency of the evidence is not the result of a constitutional violation but merely the consequence of his own decision.

Bartley's plea did not obviate the trial court's responsibility to ensure that Bartley's constitutional and statutory rights were protected. The United States Supreme Court has held that, in a revocation hearing, due process requires (1) written notice of the claimed violations, (2) disclosure of evidence to be used against the defendant, (3) the opportunity to be heard in person and to present witnesses and documentary evidence, (4) the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation, (5) a neutral and detached hearing body, and (6) a written statement by the factfinder

---

[1]Besides pleading true, Bartley also testified at the revocation hearing and admitted that he drank beer before reporting to his probation officer because he wanted to get revoked since he could not get another officer; that, when this failed, he tried to test positive for amphetamine; and that he finally quit reporting.

2

as to the evidence relied on and the reasons for revoking community supervision. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). Had the trial court violated any of these, we see no reason why Bartley could not raise that issue on appeal. Had the trial court violated any other statutory requirement, we see no reason why he could not raise that issue on appeal as well.

We note that Bartley identifies no actual error by the trial court but complains in the abstract that any attempted appeal would be futile. In the absence of even an attempt to identify error, we can only conclude that no error occurred. Furthermore, the absence of any alleged error precludes us from finding that Bartley was unable to challenge that error on appeal and, therefore, that he has been unconstitutionally denied a meaningful appeal. Bartley's issue is overruled.

The judgment of the trial court is affirmed.


RICK STRANGE
JUSTICE


February 19, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3