

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00518-CR

Marvin **KIRK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR1414
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 26, 2013

AFFIRMED

Marvin Kirk appeals the trial court's granting of the State's motion to revoke his community supervision. In one issue on appeal, he argues the trial court erred in considering his past felony convictions in granting the motion to revoke his community supervision. We affirm.

Kirk pled no contest to a charge of failure to register as a sex offender. He received a suspended sentence of four years and was placed on community supervision for ten years. Almost a year later, the State filed a motion to revoke based on seven violations of the terms of Kirk's community supervision. At the revocation hearing, Kirk pled "true" to four of the violations. Kirk

then testified on his own behalf, offering various reasons for the violations. Kirk also presented two other witnesses who testified in his favor. At the end of the testimony, Kirk's attorney asked the court to consider not revoking his community supervision. The court, however, made findings on the record that there was sufficient evidence to support Kirk's violations of the four allegations to which he had pled "true" and revoked his probation, stating the following:

> COURT: Okay. All right. Mr. Kirk, I'm going to find that you violated the first Condition Number 2, 10, 14, and 15I [sic], find that there is sufficient evidence to support and grant the State's motion. And before I move on, Mr. Kirk, I was looking at this and, frankly, I'm kind of — not kind of, I'm shocked that I gave you probation in the first place when you have six — if I'm not mistaken, six felony offenses for which you've been sentenced.
>
> KIRK: I think so, mm-hmm.
>
> COURT: You have the sexual assault case.
>
> KIRK: Yes.
>
> COURT: You have a violation of sex offender registration, a possession, a burglary, a robbery, and another burglary. That was your chance, Mr. Kirk. All right? I am going to grant the motion and you were previously found guilty of this offense. Mr. Peplinski, [defense counsel] is there any legal reason to prevent the court from sentencing Mr. Kirk?
>
> PEPLINSKI: No, Your Honor.
>
> COURT: Mr. Kirk, you're sentenced to a term of confinement in the Texas Department of Criminal Justice, Institutional Division, for a term of two years. That's the minimum. And I'll give you credit for any time that you have been in jail on this case, sir. Good luck to you, Mr. Kirk.

The trial court then signed a judgment revoking Kirk's community supervision and sentencing him to two years in prison.

We review a trial court's decision to revoke probation under an abuse of discretion standard. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

Kirk contends that his due process rights were violated when the trial court considered his past criminal record without giving him prior notice. The State responds that Kirk waived this

complaint by not raising it in the trial court. We agree with the State. Our review of the record shows that Kirk failed to object in any way to the trial court's statement regarding his prior convictions. Thus, he has not preserved the issue for appellate review. *See* TEX. R. APP. P. 33.1 (stating that to preserve complaint for appellate review, record must show complaint was made to the trial court).

Further, the State urges that, even if error was preserved, no error is shown because, despite the trial court's statement regarding Kirk's criminal history, there is no clear indication the trial court considered his criminal history in revoking his community supervision. Again, we agree with the State. A review of the record shows that the trial court made findings on the record to the effect that Kirk had violated four conditions of his community supervision and that it was revoking his community supervision. Only then did the trial court comment on Kirk's past criminal history. We cannot conclude from this record that the trial court considered Kirk's past criminal history in revoking his community supervision, especially since the trial court had already done so before making the comments about which Kirk complains.

The State also points out that Kirk pled "true" to violating four conditions of his community supervision, which supports the trial court's decision to revoke. Again, we agree with the State. A plea of true, standing alone, is sufficient to support the trial court's order of revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

Accordingly, we affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish