**AFFIRMED and Opinion Filed May 31, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00517-CR**

**JT TAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F17-50379-I**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

The grand jury indicted JT Taylor for aggravated robbery in 2017. Mr. Taylor entered a guilty plea, after which the trial court deferred adjudication and placed him on community supervision. The State moved to revoke Mr. Taylor's community supervision and adjudicate guilt in 2022, alleging that he violated five terms of his community supervision by: (1) committing aggravated assault with a deadly weapon; (2) failing to report to his supervision officer as directed; (3) failing to participate in outpatient counseling; (4) failing to participate in an anger-

management program; and (5) failing to participate in a battering intervention and prevention program.

At the revocation hearing, Mr. Taylor entered a plea of not true to the State's alleged violations. The evidence at the hearing focused primarily on whether Mr. Taylor committed aggravated assault when he attacked a woman who attempted to repossess his friend's car. The victim testified that, as she began to drive away in the car, Mr. Taylor and another person chased after her. Mr. Taylor and the other assailant ran the victim off the road, after which Mr. Taylor pulled the victim out of the car, began punching her in the head, picked her up, slammed her on the ground, kicked her, stomped on her, and hit her in the head with a pistol. As for the other alleged violations, a parole officer testified that Mr. Davis: (1) failed to report to his supervising officer as directed; (2) failed to complete the required outpatient counseling; and (3) failed to complete the required battering intervention and prevention program.

The trial court found that Mr. Taylor violated the terms of his community supervision as alleged by the State, adjudicated Mr. Taylor guilty for the deferred aggravated robbery charge, and sentenced him to twelve years' imprisonment. On appeal, Mr. Taylor contends the evidence does not sufficiently support a finding that he committed aggravated assault because he reasonably believed the assault was necessary in defense of property. *See* TEX. PENAL CODE § 9.41(b)(1).

We review a trial court's decision to revoke community supervision for abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). To revoke community supervision, the State must show by a preponderance of the evidence that the defendant violated a term of that supervision. *Id.* at 864–65. Proof of any one of the alleged violations is sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Thus, we should affirm the trial court's judgment if the defendant does not challenge all grounds on which the trial court revoked community supervision. *See Villegas v. State*, No. 05-09-01292-CR, 2010 WL 2574215, at *1 (Tex. App.—Dallas June 29, 2010, no pet.) (not designated for publication). Here, Mr. Taylor does not challenge all of the revocation grounds the State alleged and the trial court found true. Thus, we need not address Mr. Taylor's arguments concerning whether the evidence sufficiently supports a conclusion that he committed aggravated assault. *See id.*

We affirm the trial court's judgment.

/Cory L. Carlyle/
_____
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230517F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JT TAYLOR, Appellant

No. 05-23-00517-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F17-50379-I.
Opinion delivered by Justice Carlyle. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 31, 2024