

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00322-CR

---

JOSEPH LEE CANTU, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 4035, Honorable Stuart Messer, Presiding

---

July 29, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Joseph Lee Cantu appeals from the trial court's judgment adjudicating him guilty of the offense of evading arrest with a motor vehicle (with a deadly weapon finding) and sentencing him to serve seven years in prison. On appeal, he contends the trial court violated his due process rights in failing to inquire into his ability to pay the court-ordered fees. We affirm.

*Background*

In December 2019, appellant was placed on deferred adjudication community supervision for a period of four years. As part of that proceeding, he was assessed a $4,000 fine, required to complete 200 hours of community service, and required to pay $350 in attorney's fees and $381 in court costs. His community supervision was subject to certain terms and conditions.

About three years later, the State filed a motion to adjudicate appellant's guilt in which it alleged appellant violated several conditions. Appellant pleaded "true" to all the allegations. Thereafter, the trial court revoked appellant's community supervision, adjudicated him guilty of the offense, and sentenced him as noted above.

*Analysis*

Appellant sets forth two issues on appeal. In his first, he acknowledges that the trial court did not err in adjudicating him guilty of the offense for which he was placed on community supervision because he pleaded "true" to each allegation. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (a plea of true standing alone is sufficient to support a trial court's revocation order); *Barcenas v. State*, Nos. 07-19-00249-CR, 07-19-00250-CR, 2021 Tex. App. LEXIS 5165, at *8 (Tex. App.—Amarillo June 29, 2021, no pet.) (mem. op., not designated for publication) (noting same). However, he claims the trial court violated his due process rights because it did not inquire into his ability to pay the assessed fines and costs. Thus, it should not have revoked his community supervision for non-payment of same. We overrule the issue.

As noted, appellant pleaded true to multiple violations. Any one violation supported revocation, as appellant acknowledged. Thus, any purported failure to

2

investigate his ability to pay the fines was harmless for other grounds permitted revocation. Nor did he object below to the purported error on due process grounds; that effectively waived his complaint. *See Jones v. State*, No. 07-23-00359-CR, 2024 Tex. App. LEXIS 1967, at *3 (Tex. App.—Amarillo Mar. 20, 2024, no pet.) (mem. op., not designated for publication) (stating that "[a] complaint of a due process violation requires preservation in the trial court lest it be forfeited on appeal"). And, because the failure to pay fines and court-ordered fees was not the sole basis for the revocation of appellant's community supervision, the State was not required under article 42A.751(i) of the Texas Code of Criminal Procedure to prove appellant's ability to pay them. *See Adame v. State*, No. 07-19-00007-CR, 2019 Tex. App. LEXIS 10765, at *10 (Tex. App.—Amarillo Dec. 11, 2019, no pet.) (mem. op., not designated for publication) (stating that when the State alleges more than one allegation at the revocation hearing, it need not prove the defendant had the ability to pay or that his failure to do so was willful). Thus, we overrule issue one.

As for issue two, appellant seems to suggest that article 42.15 of the Code of Criminal Procedure obligated the court to inquire into his ability to pay fines or costs assessed in the judgment. Statute does say that a trial court "shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs." TEX. CODE CRIM. PROC. ANN. art. 42.15. However, when it delays payment of the obligation until release on parole, it is unnecessary to remand for the trial court to make an on-the-record-finding about the ability to pay; such a delay indicates the lack of current ability. *See Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *11 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated

3

for publication); *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066 (Tex. App.—Amarillo Feb. 9, 2024, no pet.) (mem. op., not designated for publication); *Mayo v. State*, No. 07-23-00243-CR, 2024 Tex. App. LEXIS 2396 (Tex. App.—Amarillo April 4, 2024, pet. filed) (op. on reh'g); *Sparks v. State*, No. 07-23-00215-CR, 2024 Tex. App. LEXIS 2574, at *7 (Tex. App.—Amarillo Apr. 12, 2024, no pet.) (mem. op., not designated for publication). Payment was so delayed here via the judgment.[1] Thus, it implicitly found appellant lacked the ability to currently pay, *Woodward, supra*, and opted to delay the payment until later. We overrule the issue.

Having overruled appellant's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.

---

[1] The judgment includes the statement, "The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the State Parole Division. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above."