NO. 07-07-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2008

_____

MARLYN SOLANAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 03-721-K277; HONORABLE KEN ANDERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On March 24, 2004, pursuant to a plea bargain, Appellant, Marlyn Solanas, was convicted of intoxication assault, a third-degree felony. Punishment was assessed at confinement for ten years and a $2,500 fine, suspended in favor of ten years community supervision. On September 9, 2005, the State filed a motion to revoke, alleging that

Appellant had violated specified terms and conditions of community supervision. Following a plea of true to the State's allegations, Appellant's community supervision was revoked and she was sentenced to ten years confinement, without imposition of a fine. Notice of appeal was timely given. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, __ S.W. 3d __, No. AP-75,911, 2008 WL 1901389, at *2 (Tex.Crim.App. April 30, 2008). Counsel has candidly discussed why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying Appellant of her right to file a pro se response if she desired to do so.[2] By letter, this Court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief, should she be so inclined. *In re Schulman*, 2008 WL 1901389,

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] The educational burden of informing Appellant of her right to file a pro se petition for discretionary review *before* the court of appeals grants a motion to withdraw was not a requirement when counsel filed the *Anders* brief on May 10, 2007. *In re Schulman*, 2008 WL 1901389, at *3.

2

at *3 fn.23.  Appellant did not file a response.  The State filed a letter acknowledging counsel's designation of the case as frivolous and declined to file a brief.

The reporter's record reflects the State presented evidence from Appellant's community supervision officer, Alma Fuentes.  Fuentes characterized Appellant's compliance with the conditions of her community supervision as poor.  She then testified to specific instances of Appellant violating the conditions of community supervision.

Appellant also testified.  She explained how she had benefitted from the SAFP program and that she no longer drove.  She urged the trial court to permit her to remain on community supervision and live in a halfway house.

Following the presentation of evidence and witnesses, the trial court found that Appellant had violated reasonable and lawful conditions of probation, revoked her community supervision, and imposed punishment at ten years confinement.

By an *Anders* brief filed in support of his motion to withdraw, counsel certifies he has diligently reviewed the record and finds no potential errors to advance on appeal.  Thus, he concludes the appeal is frivolous.  Additionally, Appellant's pleas of true to each of the State's allegations, standing alone, are sufficient to support the trial court's judgment revoking community supervision.  *See Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

3

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 2008 WL 1901389, at *2 fn.8; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See In re Schulman*, 2008 WL 1901389, at *3. *See also Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted, and the trial court's judgment is affirmed.[3]

Patrick A. Pirtle
Justice

Do not publish.

---

[3]Counsel is reminded that he is required to notify Appellant of her right to file a pro se petition for discretionary review. *See* Tex. R. App. P. 48.4. *See also In re Schulman*, 2008 WL 1901389, at *4 fn.35 (noting that counsel's duty is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw).

4