COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

MARK ANTHONY NOE, § 

Appellant, § No. 08-10-00109-CR

§ Appeal from the

v. § 396th District Court

THE STATE OF TEXAS, § of Tarrant County, Texas

Appellee. § (TC# 1124603D)

§

## MEMORANDUM OPINION

Appellant, Mark Anthony Noe, was indicted for the first-degree felony offense of aggravated sexual assault of a child. Pursuant to a plea-bargain with the State, Appellant was placed on deferred adjudication for ten years. Subsequently, the State filed a petition to proceed to adjudication, alleging that Appellant, in ten paragraphs, violated various terms and conditions of his community supervision. Appellant pled true to paragraphs one, two, three, four, six, and nine, but not true to paragraphs five, seven and eight. After a hearing on the same, the trial court found paragraphs one through four, six, and nine to be true, adjudicated Appellant guilty, and sentenced him to twenty-five years' imprisonment.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485

S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief has been delivered to Appellant, Appellant has been advised of his right to examine the appellate record, and Appellant, having been advised of right to do so, has filed a *pro se* brief.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly frivolous and without merit. Appellate review of an order revoking probation is limited to simply whether the trial court abused its discretion by finding, based on a preponderance-of-the-evidence standard, that Appellant violated a term or condition of his probation. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Here, Appellant does not contest his pleas of true, and those pleas alone were sufficient to support the trial court's revocation. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Further, the punishment assessed was within the range prescribed by law. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (e) (West Supp. 2010)[1]; TEX. PENAL CODE ANN. § 12.32(a) (West 2003). Thus, we too find nothing in the record that might arguably support the appeal.

Nevertheless, Appellant, in his *pro se* brief, raises four issues, urging reversal on any one of the grounds alleged. However, as a detailed discussion of the contentions advanced therein would add nothing to the jurisprudence of the state, we will simply note that we lack jurisdiction to consider the first two, that Appellant failed to preserve his third for our review, and that the record is simply

---

[1] Prior editions of The Greenbook Texas Rules of Form required citation to Vernon as the publisher in the parenthetical following the statute or code. The Twelfth Edition of The Greenbook amended Rule 10.1.1 to require citation to the actual publisher, West, rather than Vernon.

undeveloded to find any merit in his fourth.[2]  Accordingly, we overrule Appellant's issues.

The trial court's judgment is affirmed.


                                                           GUADALUPE RIVERA, Justice

February 9, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[2] Appellant's first issue contends that his guilty plea was involuntary and his second challenges the sufficiency of the evidence to support the charged offense.  However, case law dictates that we may not review either of those issues on appeal from a revocation proceeding.  *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  His third issue asserts that his twenty-five year sentence constitutes cruel and unusual punishment, but we cannot find such an objection presented to the trial court; therefore, we must conclude that his third issue is not preserved for our review.  *See Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd).  Finally, Appellant makes various assertions of counsel's ineffectiveness, all of which are not founded in the record, in his fourth issue.  However, as counsel has not been provided with the opportunity to respond to the allegations, we cannot hold that counsel's performance was deficient in the instances alleged.  *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).