

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00305-CR

LAMONTE K. BROWN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lamonte K. Brown appeals from his adjudication of guilt for delivery of more than four but less than two hundred grams of a controlled substance. We will affirm.

Brown pleaded guilty to delivery of a controlled substance in 2001, and the trial court placed him on deferred adjudication community supervision. In July 2010, the State filed its third petition to proceed to adjudication, alleging that

---

[1]See Tex. R. App. P. 47.4.

Brown had violated the terms and conditions of his community supervision by (1) failing to pay fees, (2) failing to complete community service hours, and (3) failing to attend substance abuse counseling. At a hearing on the State's petition, the State waived the fees allegation, and Brown pleaded true to the allegations that he had failed to complete community service hours and had failed to attend substance abuse counseling. The trial court adjudicated Brown guilty and sentenced him to five years' confinement.

In his only point, Brown argues that the trial court abused its discretion by adjudicating his guilt "in light of overwhelming evidence that [he] had a viable explanation as to why he failed to complete his community service hours and failed to complete required substance abuse counseling"—he had two serious back injuries and two jobs, and he missed counseling meetings because they conflicted with his employment.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172,

2

174 (Tex. Crim. App. [Panel Op.] 1981). A plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

Brown pleaded true to two of the State's allegations, and he admitted at the hearing on the State's petition that he had only completed thirty-three out of the 320 hours of community supervision that he had been ordered to participate in and to complete. Therefore, we hold that the trial court did not abuse its discretion by adjudicating Brown guilty of the underlying offense. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole*, 578 S.W.2d at 128; *Ramos v. State*, No. 02-08-00363-CR, 2009 WL 1035120, at *1–2 (Tex. App.—Fort Worth Apr. 16, 2009, pet. struck) (mem. op., not designated for publication) (holding that appellant's plea of true to probation violation allegation was sufficient to support revocation notwithstanding his explanation for the violation—a lack of transportation). We overrule Brown's sole point and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 26, 2011

3