02-10-305-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00305-CR

 

 


 
 
 Lamonte K. Brown
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Lamonte K. Brown appeals from his adjudication of guilt for delivery of more
than four but less than two hundred grams of a controlled substance.  We will
affirm.

          Brown
pleaded guilty to delivery of a controlled substance in 2001, and the trial
court placed him on deferred adjudication community supervision.  In July 2010,
the State filed its third petition to proceed to adjudication, alleging that
Brown had violated the terms and conditions of his community supervision by (1) failing
to pay fees, (2) failing to complete community service hours, and (3) failing
to attend substance abuse counseling.  At a hearing on the State’s petition,
the State waived the fees allegation, and Brown pleaded true to the allegations
that he had failed to complete community service hours and had failed to attend
substance abuse counseling.  The trial court adjudicated Brown guilty and sentenced
him to five years’ confinement.

          In
his only point, Brown argues that the trial court abused its discretion by
adjudicating his guilt “in light of overwhelming evidence that [he] had a
viable explanation as to why he failed to complete his community service hours
and failed to complete required substance abuse counseling”—he had two serious
back injuries and two jobs, and he missed counseling meetings because they
conflicted with his employment.

          We
review an order revoking community supervision under an abuse of discretion
standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  In
a revocation proceeding, the State must prove by a preponderance of the
evidence that the defendant violated the terms and conditions of community
supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993).  The trial court is the sole judge of the credibility of the witnesses
and the weight to be given their testimony, and we review the evidence in the
light most favorable to the trial court=s ruling. 
Cardona, 665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. [Panel Op.] 1981).  A plea of true, standing alone, is
sufficient to support the revocation of community supervision.  Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

          Brown
pleaded true to two of the State’s allegations, and he admitted at the hearing
on the State’s petition that he had only completed thirty-three out of the 320
hours of community supervision that he had been ordered to participate in and
to complete.  Therefore, we hold that the trial court did not abuse its
discretion by adjudicating Brown guilty of the underlying offense.  See Moses
v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); Cole,
578 S.W.2d at 128; Ramos v. State, No. 02-08-00363-CR, 2009 WL 1035120,
at *1–2 (Tex. App.—Fort Worth Apr. 16, 2009, pet. struck) (mem. op., not
designated for publication) (holding that appellant’s plea of true to probation
violation allegation was sufficient to support revocation notwithstanding his explanation
for the violation—a lack of transportation).  We overrule Brown’s sole point
and affirm the trial court’s judgment.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 26, 2011









[1]See Tex. R. App. P. 47.4.