**Opinion filed March 14, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00117-CR
_____

### DERRICK WAYNE SMITH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-41,144**

## M E M O R A N D U M   O P I N I O N

Appellant, Derrick Wayne Smith, originally pleaded guilty to the offense of indecency with a child by contact. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for eight years. The State subsequently filed a motion to adjudicate Appellant's guilt. At a hearing on the State's motion to adjudicate, Appellant pleaded true to all five of the allegations in the State's motion. The trial court found all of the allegations to be true, revoked Appellant's community supervision, and adjudicated

Appellant guilty of the charged offense. The trial court assessed Appellant's punishment at confinement for twenty years and all previously assessed, but unpaid, fines. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that this appeal is frivolous. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a complete copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App.

1999).  Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

The motion to withdraw is granted, and the judgment of the trial court is affirmed.

PER CURIAM

March 14, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.