**Opinion filed October 18, 2019**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00072-CR

_____

## KEVIN JAMES HARRISON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CR04249**

## MEMORANDUM OPINION

Appellant, Kevin James Harrison, originally pleaded guilty to the third-degree felony offense of obstruction or retaliation. Pursuant to the terms of the plea agreement, the trial court convicted Appellant, assessed his punishment at confinement for eight years and a $3,000 fine, suspended the imposition of the sentence, and placed Appellant on community supervision for eight years. The State subsequently filed a motion to revoke Appellant's community supervision. At a hearing on the motion, Appellant pleaded true to all of the State's allegations. The

trial court found all of the State's allegations to be true, revoked Appellant's community supervision, and imposed a reduced sentence of confinement for six years and the original fine of $3,000. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw as counsel on appeal. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and presents no issues of arguable merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of the record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is frivolous. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658,

661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

The motion to withdraw is granted, and the judgment of the trial court is affirmed.

PER CURIAM

October 18, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1] We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[2] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.