**Affirmed as modified; Opinion Filed January 7, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00128-CR

### FREDRICK DELANE BROWN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1476377-H**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Schenck

Fredrick Delane Brown appeals his conviction for the offense of indecency with a child.

Appellant waived a jury trial and entered a negotiated guilty plea before the trial court. Pursuant

to the plea agreement, the trial court deferred adjudication of guilt and placed appellant on

community supervision for ten years with a fine of $250. Subsequently, the State moved to

adjudicate appellant's guilt, claiming he had violated conditions of community supervision. At

the revocation hearing, appellant pleaded true to the alleged violations. The trial court accepted

appellant's plea, adjudicated him guilty, and assessed punishment at eight years' confinement. In

two issues, appellant asserts the trial court abused its discretion in adjudicating him guilty and

urges that the judgment be reformed to reflect the trial court's finding of true only in regard to

specific allegations in the State's motion. We affirm the trial court's judgment as modified by this

opinion. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was indicted for indecency with a child. He entered a plea of guilty and the trial court found the evidence sufficient to prove the offense charged, deferred adjudication, and place appellant on community supervision. Initially, appellant's community supervision included twenty-eight conditions. Thereafter, the trial court modified the conditions twice. First, it allowed appellant to have supervised contact with his biological daughter. Next, after the State filed its first motion to revoke community supervision and proceed with adjudication of guilt, the court required appellant to be detained in the Dallas County Jail for 7 days and to submit to and pass a clinical polygraph within 30 days or as directed by a therapist or supervision officer.

In its second motion seeking revocation, the State alleged, among other things, that appellant failed to pay various fees (in violation of his conditions (j), (k), (m), (n), and (x)), had contact with children 17 years of age or younger (in violation of his condition (p)), was living within 1000 feet of a child safety zone (in violation of his condition (q)), possessed two nude images of a woman on his cell phone (in violation of his conditions (v) and (aa)), and failed a polygraph (in violation of his condition (ee)). At the hearing on the State's motion, the State withdrew its allegation that appellant failed a polygraph as a ground for proceeding to adjudication. Appellant waived his right to a contested hearing and entered an open plea of true to the remaining alleged violations of the terms and conditions of his community supervision.

The State offered, and the trial court admitted without objection, appellant's signed written voluntary plea of true and stipulation of evidence, as well as sexually-explicit text messages and photographs appellant's probation officer retrieved from appellant's cell phone. At the hearing, appellant pleaded true to the alleged violations of community supervision and confirmed that he

was pleading true of his own free will. Appellant asked to be continued on community supervision. He recognized that he had been continued before, that the State had previously given him a second chance after discovering children were present at the home in which he was living,[1] and that he had previously represented that he was not going to have these issues anymore. Appellant also acknowledged that he was living within 1,000 feet of a child-safety zone and claimed his probation officer told him he could stay there temporarily and did not give him a deadline by which he needed to relocate. As to photographs of a nude female and sexually explicit text messages on appellant's phone, appellant claimed a friend texted the photos to him and that he simply commented that "she had a nice body."[2] At the conclusion of the hearing, the trial court accepted appellant's plea, found the allegations in the State's motion to be true, granted the motion, revoked appellant's probation, found him guilty and assessed punishment at 8 years' confinement. This appeal followed.

## DISCUSSION

### I.    Adjudication of Guilt

In his first issue, appellant claims the trial court abused its discretion in adjudicating his guilt and revoking his community supervision. We review a trial court's decision to revoke community supervision and adjudicate guilt for an abuse of discretion, taking into account the sufficiency of the evidence supporting the basis for revocation. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The State must prove a ground for revocation of community supervision by a preponderance of the evidence. *Id.* at 864–65. Proof by a preponderance of the evidence of any one alleged violation is sufficient to revoke community supervision and adjudicate guilt. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). A plea of true to an allegation

---

[1] That incident occurred on August 2, 2018. Appellant's girlfriend claimed appellant did not know her grandchildren were present and that the children were only there for a few minutes due to her daughter's request that she take them to school and day care because she was late for work.

[2] The texts were sexually explicit.

that a defendant has violated a condition of his community supervision is sufficient to support the revocation of community supervision and adjudicate guilt. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

Appellant pleaded true and judicially confessed and stipulated he violated various conditions of his community supervision by, among other things, having possessed sexually explicit photographs, living in a child-safety zone, and having contact with children. His plea of true is sufficient on its own to support the trial court's decision to adjudicate his guilt and revoke his community supervision. *Id.*

Moreover, at the revocation hearing, appellant admitted that he was living in a child-safety zone in violation of condition (q) of his community supervision. While appellant testified his probation officer knew he was living in a child-safety zone and that he indicated appellant could live their temporarily, the trial court, as the sole judge of appellant's credibility, could have found his testimony not to be credible and could have determined appellant's stay at his girlfriend's home from at least August 2018, when the probation officer discovered children in the home, until December, when the revocation hearing took place, to have exceeded a temporary stay. *Hacker,* 389 S.W.3d. at 865.

Appellant and his girlfriend admitted at the hearing that appellant had contact with appellant's girlfriend's young grandchildren in violation of condition (p) of his community supervision. While appellant and his girlfriend testified the contact was unintentional, the trial court was the judge of their credibility and did not abuse its discretion in finding appellant violated condition (p) of his community supervision. *Id.*

At the hearing, appellant also admitted to having photographs of a lewdly-posed, nude adult female on his cell phone. He received the photographs from his neighbor via text message. While appellant characterized the texts as not being sexual in nature, the texts, admitted into the

–4–

record, reveal appellant conveyed his opinion about the woman's desirability and inquired as to whether his neighbor had engaged in sexual relations with her. As more fully explained below, because appellant's receipt of the photographs violated condition (v) of his community supervision, we need not determine whether the trial court would have erred in concluding that the photographs "may have been" used for the purpose of "deviant sexual arousal" in violation of condition (aa), which prohibited appellant from viewing or possessing recorded material that may be used for the purpose of deviant sexual arousal.

As to condition (v) of his community supervision, prohibiting possession of material that is sexually-oriented and/or portrays nudity of a child or adult, appellant contends it applies to material transmitted by electronic mail only and that his receipt of the material by text message did not violate that condition. Appellant's characterization of condition (v) is flawed. Condition (v) states:

> Do not possess, acquire, obtain, retain, or review journalistic, video, photographic, electronic, compact disk, computer-generated or computer original material, or material generate by an individual or material that is sent or received by electronic mail that is sexually-oriented and/or portrays nudity [of] a child or an adult.

The condition is not limited to material sent or received by electronic mail. It more broadly encompasses possession of material that is sexually-oriented and/or portrays nudity. Accordingly, the trial court did not abuse its discretion in finding appellant had violated this condition.

Any one of the aforementioned violations was sufficient to support the trial court's adjudication order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (single violation of probation condition is sufficient to support decision to revoke probation). Accordingly, we overrule appellant's first issue.

## II.     Modification of Judgment

In his second issue, appellant contends the judgment does not accurately reflect the trial court's findings. More particularly, appellant contends because the State abandoned the allegation

that appellant had violated condition (ee) of his probation, the judgment's statement the trial court found "While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt" is incorrect. The State agrees and further states that, at the revocation hearing, the trial court indicated it was not going to concern itself with the issue of fees, which were the subjects of conditions (j), (k), (m), (n), and (x). Accordingly, the judgment should reflect the trial court found appellant violated conditions (p), (q), (v), and (aa).

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we sustain appellant's second issue and modify the operative judgment dated December 19, 2018 to reflect the trial court found appellant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt, with the exception of conditions (j), (k), (m), (n), (x), and (ee).

## CONCLUSION

As modified, we affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
190128F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FREDRICK DELANE BROWN, Appellant

No. 05-19-00128-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1476377-H.
Opinion delivered by Justice Schenck.
Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> to reflect that the trial court found appellant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt, with the exception of conditions (j), (k), (m), (n), (x), and (ee).

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 7th day of January, 2020.