**Opinion filed December 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00096-CR

_____

## ORLANDO ORTEGA NEVAREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-20-0141-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Orlando Ortega Nevarez, originally pleaded guilty to the offense of theft of less than $20,000 worth of copper, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F) (West 2019). Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for five years, and also assessed a fine and restitution. Approximately seven months later, the State filed a motion to adjudicate Appellant's guilt. The trial court conducted a hearing on the State's motion; at the hearing, Appellant pleaded

true to the allegations in the State's motion to adjudicate. The trial court accepted Appellant's plea of true, revoked Appellant's community supervision, adjudicated Appellant guilty of the charged offense, assessed his punishment at confinement for eighteen months in a state jail facility and a fine of $1,050.00, and ordered that Appellant pay the restitution that was still owed—$15,631.25. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding

may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

The motion to withdraw is granted, and the judgment of the trial court is affirmed.

PER CURIAM

December 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.