**Opinion filed March 30, 2023**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-22-00185-CR**

_____

**FILOMENO BURROLA, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. A-17-1381-CR**

**M E M O R A N D U M   O P I N I O N**

Filomeno Burrola, III, Appellant, originally pled guilty to the third-degree felony offense of intoxication assault. *See* TEX. PENAL CODE ANN. § 49.07(a), (c) (West 2011). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court sentenced Appellant to ten years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), suspended that sentence, and placed Appellant on community supervision for five years. The State later filed a motion to revoke Appellant's community supervision. At the hearing on the State's

motion to revoke, the State abandoned three of its six allegations in its motion, and Appellant pled true to the remaining allegations. The trial court found true the three allegations to which Appellant pled true, revoked Appellant's community supervision, and assessed his punishment at nine years in the Institutional Division of TDCJ. We modify and affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The record from the revocation hearing shows that Appellant committed the offense of tampering with evidence, failed to abstain from using intoxicating beverages, and operated a motor vehicle that was not equipped with the required deep-lung breath mechanism. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*,

590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

However, we note that the trial court's judgment incorrectly reflects that Appellant's original sentence was probated for a period of ten years. We have the authority to modify the trial court's judgment to correctly reflect the trial court proceedings when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgment to reflect that the "Original Punishment Assessed" was "TEN (10) YEARS INSTITUTIONAL DIVISION, TDCJ PROBATED FOR FIVE (5) YEARS."

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.

PER CURIAM

March 30, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.