**Opinion filed July 27, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00216-CR

_____

### JEFFREY ALLEN COPELAND, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Knox County, Texas**
**Trial Court Cause No. 4152**

### M E M O R A N D U M   O P I N I O N

Jeffrey Allen Copeland, Appellant, originally pled guilty to the third-degree felony offense of evading arrest or detention in a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016). Pursuant to the terms of the negotiated plea agreement between Appellant and the State, the trial court sentenced Appellant to ten years imprisonment in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), suspended that sentence, and placed Appellant on community supervision for five years. The State later filed a motion

to revoke Appellant's community supervision that alleged nineteen violations of such supervision. At the hearing on the State's motion to revoke, Appellant pled true to five of the allegations. The trial court subsequently found eight of the allegations true, revoked Appellant's community supervision, and assessed his punishment at ten years imprisonment in the Institutional Division of TDCJ. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The record from the revocation hearing shows that Appellant failed to avoid places where alcoholic beverages are possessed, sold, or used; failed to report; had ignition interlock "lockouts" and removal; failed to provide proof of an outpatient treatment program; and failed to pay the fine, court costs, and community supervision fees that the trial court assessed against him. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In

2

this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

However, we note that the trial court's judgment incorrectly reflects the statute for the offense for which Appellant was convicted. We have the authority to modify the trial court's judgment to correctly show the trial court proceedings when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgment to show that the "Statute for [the] Offense" is "TEXAS PENAL CODE § 38.04(a), (b)(2)(A)."

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court as modified.

W. STACY TROTTER

JUSTICE

July 27, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.