

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00096-CR

CHRISTIAN BISHOP PORTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20362-1701, Honorable Kregg Hukill, Presiding

August 22, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ

Christian Bishop Porter appeals his conviction for the state jail felony offense of "abandon endanger child criminal negligence," and the resulting sentence of 15 months in a state jail facility. His court-appointed counsel filed an *Anders* brief in support of his conclusion that there were no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the trial court's judgment.

Appellant was charged by indictment in January 2017 and pleaded guilty to the offense in July 2020. The trial court deferred the adjudication of his guilt and placed him on deferred adjudication community supervision for three years. His community supervision was subject to certain terms and conditions.

In August 2022, the State moved to revoke appellant's community supervision and to proceed with an adjudication of guilt. The trial court extended appellant's community supervision for an additional three years and sentenced him to serve thirty days in jail. Almost a year later, the State again moved to revoke appellant's community supervision and to proceed with an adjudication of guilt. The motion included the State's allegations that appellant violated certain terms and conditions of his supervision. Appellant pleaded "true" to the State's allegations during the hearing held on the motion.[1] At the conclusion of the adjudication hearing, the trial court revoked appellant's community supervision and adjudicated him guilty. It then imposed a sentence of 15 months in a state jail facility.

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for appeal. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.) (accord).

---

[1] A defendant's plea of true, standing alone, is sufficient to support the revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). *Cantu v. State*, No. 07-23-00322-CR, 2024 Tex. App. LEXIS 5333, at *2 (Tex. App.—Amarillo July 29, 2024, no pet.) (mem. op., not designated for publication).

Appellant's counsel also represented that he: 1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; 2) provided appellant with those documents; 3) informed appellant of his rights to file a pro se response, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and 4) provided appellant with the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (setting forth requirements of counsel). By letter, this court also notified appellant of his right to file a response to counsel's motion and brief by August 21, 2025, if he wished to do so. To date, no response has been received.

We conducted our own independent review of the record to determine the presence of arguable issues and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4.

3